ASHE *v.* MUTUAL LASTING Co. *et al.*

*(Circuit Court, D. Maine. April 25, 1890.)*

PATENTS FOR INVENTIONS—WHO ENTITLED TO—CONFLICTING CLAIMS.

Suit was brought under Rev. St. U. S. § 4915, to determine whether A. or G. & C. were the inventors of a machine for which a patent was granted to G. & C., claiming "in a tack-strip heading-machine, the combination of a support for the tack-strip, consisting of a disk having peripheral teeth to engage between the shanks of the strip, a clamping jaw, and a header." The evidence showed that A. was the first to suggest the use of a wheel having teeth to engage between the shanks of the strip, but that the wheel was to have a positive movement, which was found to work imperfectly, while in the perfected machine of G. and C. the strip is not fed by the positive movement of the wheel, but the wheel is moved by the strip. *Held,* that A.'s claim to be the inventor of the complete machine is not sustained, and his bill will be dismissed.

In Equity.
*Frederick P. Fish* and *James H. Lange,* for complainant.
*Thomas W. Clarke,* for defendants.

COLT, J. This suit is brought under section 4915 of the Revised Statutes. The single issue raised is whether the complainant, Robert Ashe, is the first and original inventor of the following subject-matter of invention:

"In a tack-strip heading-machine, the combination of a support for the tack-strip, consisting of a disk having peripheral teeth to engage between the shanks of the strip, a clamping jaw, and a header."

On June 26, 1884, the defendants, Edward F. Grandy and George W. Copeland, filed a joint application in the patent-office for letters patent for a machine for heading tack-strips which embodied the invention now in suit; and on July 11, 1884, the complainant, Ashe, likewise made application for a patent covering the same invention. The parties were put into interference, preliminary statements were filed, proofs taken, and the cause came on to be heard before the examiner of interference, who decided that Ashe was the prior inventor. Thereupon Grandy and Copeland appealed to the board of examiners in chief, who reversed the decision of the lower tribunal. Ashe thereupon appealed to the commissioner of patents, who affirmed the decision of the examiners in chief, and awarded priority of invention to Grandy and Copeland. This suit was afterwards brought.

The sole question at issue is one of fact. It appears that Copeland had been interested for some years in perfecting a machine for heading tack-strips, and that he had taken out a number of patents in this branch of the art. In December, 1883, Grandy, Ashe, and Joseph E. Crisp were in the employ of Copeland, and, under the direction of Copeland, were engaged in designing a machine for heading tack-strips. Ashe does not deny that most of the improvements embodied in the Copeland and Grandy machine for which an application for a patent was made on June 4, 1884, and a patent granted July 10, 1888, were suggested by others, but he insists that he was the first to conceive, in a tack-heading machine, the combination of a support for the tack-strip, consisting of a wheel having peripheral teeth to engage between the shanks of the strip, a clamping jaw, and a header. In deciding upon disputed questions of fact, the court must be governed by the weight of evidence, taken in connection with surrounding circumstances and probabilities. I have carefully considered the evidence in this case, both that before the patent-office, which by stipulation is made a part of this record, and that introduced in support of the present bill, and I am satisfied in my own mind that Ashe has failed to sustain his position as the prior inventor of the invention in controversy as against the defendants. It is true that Copeland and Grandy, during the winter of 1884, had been using clamping jaws to hold the strip, and that Ashe, in March, 1884, was the first to suggest the use of a wheel having teeth to engage between the shanks of the strip, and that he drew a plan of a wheel with a jaw and a header, but the plan was wanting as to details; and further, and more important, in the Ashe invention the wheel was to have a positive movement, which was found to work imperfectly. In the perfected machine of Grandy and Copeland, the strip is not fed by any positive movement of the wheel,

but the wheel is moved by the strip. It is impossible to weigh the evidence of Copeland, Grandy, and Crisp, as against that introduced by Ashe, without reaching the conclusion that, while Ashe may have first suggested the use of a wheel, he did not complete and perfect in a practical tack-heading machine the invention which he now claims. I do not think it necessary to enter into the details of the evidence. I deem it sufficient to state the conclusion I have reached upon a full consideration of the facts. The bill should therefore be dismissed.